UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-80022-CANNON

UNITED STATES OF AMERICA,

vs.

MICHAEL ROZENBERG,

    Defendant.
_____/

# REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable Aileen M. Cannon, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Michael Rozenberg ("Defendant"). [ECF No. 330]. Based upon the change of plea hearing conducted on October 3, 2022, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Cannon, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Cannon. I further advised Defendant that Judge Cannon would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Cannon. Defendant, who stated that he had discussed his right to have the hearing conducted by the

District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3. Defendant pled guilty to Count 1 of the Indictment filed in this case, which charges him with conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349. I advised Defendant that the maximum penalty the Court may impose is a sentence of twenty (20) years' imprisonment, followed by a maximum term of supervised release of three (3) years. I also advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to the greater of $250,000 or twice the pecuniary gain or loss pursuant to 28 U.S.C. § 3571(d) and that the Court may order restitution, in addition to a mandatory special assessment of $100, which is due at the time of sentencing. I further advised Defendant that the Court may order forfeiture of property traceable to his violation of Title 18, United States Code, Section 1349, including, but not limited to, a forfeiture money judgement for the value of the property subject to forfeiture. I also advised Defendant that if he is not a United States citizen, his conviction may lead to his removal from the United States. Defendant acknowledged that he understood the possible penalties, including the maximum penalties that could be imposed in the case.

4. Defendant waived all constitutional, legal, and equitable defenses to forfeiture, including excessive fines under the Eight Amendment of the United States Constitution. Based on Defendant's acknowledgement and agreement at the hearing, the

undersigned finds that Defendant's waiver of all defenses to forfeiture in this case is knowing and voluntary.

5. Defendant also acknowledged that he understands that as a result of his plea, he will be excluded as a provider from Medicare, Medicaid, and all federal health care programs, and he agreed to complete and execute all documents necessary to effectuate this exclusion within sixty (60) days of receiving the documents.

6. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

7. The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Count 1 of the Indictment, and the Government will seek dismissal of Counts 5 and 14 as to Defendant after sentencing; the parties agree to a twenty-two level increase to Defendant's base offense level under the Sentencing Guidelines because the loss amount was more than $25,000,000 but less than $65,000,000; the parties agree to an additional four level increase to Defendant's base offense level because the offense constituted a federal health care offense involving a Government health care program and the loss amount to the Government health care program exceeded $20,000,000; and the parties agree to a three level reduction to Defendant's base offense level based on acceptance of responsibility. There were no other

agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

8.  The parties also agreed, in the written plea agreement, that the property subject to forfeiture includes but is not limited to a forfeiture money judgment in the sum of $5,714,433, and Defendant agreed that in furtherance of the collection of the forfeiture money judgment, he will cooperate fully with the Government in the identification of assets as set forth in paragraphs 17 and 18 of the Plea Agreement.

9.  Defendant also acknowledged and agreed that restitution is mandatory, and he stipulated that he owes restitution in the amount of $25,633,128, jointly and severally with his co-conspirators.

10. Defendant also waived his right to appeal his sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing. Based upon the Defendant's acknowledgement and responses to my questions during the hearing, the undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary

11. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him..

12. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences

of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

13. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense as charged.

14. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing shall be set by a separate order.

15. The Government is directed to prepare a Preliminary Order of Forfeiture and to provide a copy to Defendant before filing it with the Court.

16. The parties will have fourteen (14) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 4th day of October 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Aileen M. Cannon
Counsel of Record