UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80022-CR-CANNON

UNITED STATES OF AMERICA

vs.

DANIEL M. CARVER, *et al.*

    Defendants.
_____/

### NON-PARTIES JAMES BARNETT, M.D. AND PERMIAN CARDIOLOGY'S COMBINED RENEWED MOTION TO INTERVENE AND MOTION TO QUASH SUBPOENAS

1.    Non-party movants James Barnett, M.D. ("Dr. Barnett"), and Permian Cardiology ("Permian"), by and through their undersigned counsel, file this Combined Renewed Motion to Intervene and Motion to Quash Subpoenas and in support state:

#### RENEWED MOTION TO INTERVENE

2.    Dr. Barnett and Permian, Texas residents, seek to quash subpoenas served on them by Defendants that compel their personal attendance in Florida at a trial scheduled to begin on September 25, 2023. See Judge Cannon's 07/08/23 Order Granting Motion to Adopt Subpoenas [ECF No. 684] ["Any witness who has been served to appear at the July 10, 2023 trial period by any Defendant shall remain under subpoena for both the July 10, 2023 trial period and September 25, 2023 trial period."]

3.    Dr. Barnett and Permian previously moved to quash the subpoenas on July 14, 2023. See Non-Parties James Barnett, M.D. and Permian Cardiology's Combined

1

Expedited Motion to Intervene and Motion to Quash Subpoenas [ECF No. 704]. The grounds for that motion included that Dr. Barnett, Permian, and the undersigned counsel had not been provided with a signed authorization from the non-party patient or a Court Order specifically allowing Dr. Barnett and Permian to disclose the non-party patient's protected health information or medical records; the subpoenas are improper discovery attempts; compliance would be unreasonable or oppressive; the information sought is irrelevant and inadmissible; any probative value would be substantially outweighed by the danger of unfair prejudice; and the subpoenas did not include witness fees. See Non-Parties James Barnett, M.D. and Permian Cardiology's Combined Expedited Motion to Intervene and Motion to Quash Subpoenas [ECF No. 704].

4.     The previous motion to quash was denied as moot. See Judge Cannon's 07/17/23 Paperless Order Denying Combined Expedited Motion to Intervene and Motion to Quash Subpoenas [ECF No. 722] ["In light of the Court's Order Entering Qualified HIPAA Protective Order [718], the Combined Expedited Motion to Intervene and Motion to Quash Subpoenas [704] filed by Non-Parties James Barnett, M.D. and Permian Cardiology is DENIED AS MOOT."]

5.     The basis of the denial appears to be the Court's 07/17/23 Order authorizing the parties and their attorneys to obtain and utilize protected health information pertaining to any patient identified in the above-captioned case's indictment documents, or otherwise involved in some manner of litigation, including through documents obtained in discovery. See Judge Cannon's 07/17/2023 Order Granting in

Part Defendants' Joint Motion for Qualified Protective Order and Entering Qualified HIPAA Protective Order [ECF No. 718] ["All entities subpoenaed are hereby authorized to disclose protected health information pertaining to these patients to attorneys representing any of the Parties in the above-captioned litigation under the terms of this Qualified HIPAA Protective Order."]. However, the paperless order did not address the various other issues raised by Dr. Barnett and Permian as grounds for quashing the subpoenas. See Judge Cannon's 07/17/23 Paperless Order Denying Combined Expedited Motion to Intervene and Motion to Quash Subpoenas [ECF No. 722].

6. As such, Dr. Barnett and Permian renew their motion to intervene in these proceedings for the limited purpose of moving to quash subpoenas served on them commanding their personal attendance at trial. A non-party to whom a subpoena is directed has standing to file a motion to quash. See State of Fla. ex rel. Butterworth v. Jones Chemicals, Inc., No. 90-875-CIV-J-10, 1993 WL 388645, *2 (M.D. Fla. March 4, 1993).

### STATEMENT OF MATERIAL FACTS

7. On June 15, 2023, Permian received via fax two subpoenas, one for Dr. Barnett and one for Permian's records custodian. See **Exhibit 1**, Subpoena to James Barnett, M.D.; See **Exhibit 2**, Subpoena to Permian Cardiology Records Custodian; See **Exhibit 3**, Affidavit of James Barnett, M.D., ¶¶4-5. The subpoenas command Dr. Barnett and Permian's Records Custodian to appear at the United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950 at 8:30 am on July 10, 2023. See **Exhibit 3**, ¶6. Dr. Barnett is directed to appear at trial to testify. See **Exhibit 1**. Permian's records

3

custodian is directed to appear at trial to testify and to produce documents ". . . concerning cardiovascular genetic testing for the [non-party] patient through AccuGene Lab on or near February 18, 2021 . . ." See **Exhibit 2**.

8.      Dr. Barnett is an interventional cardiologist who resides in Texas and practices at Permian Cardiology, 400 Rosalind Redfern Grover Parkway, Suite 240, Midland, Texas, 79701. See **Exhibit 3**, ¶¶1-2. Dr. Barnett's schedule includes performing interventional cardiology procedures three (3) days per week in the cardiac catheterization laboratory at Midland Memorial Hospital in Midland, Texas. Id., at ¶11. He sees patients from 8:00 am until 4:00 p.m. five (5) days per week. Id., at ¶12. Dr. Barnett is also responsible for overseeing two advanced practice registered nurses who also see patients from 8:00 am until 4:00 pm five (5) days per week. Id., at ¶13. In sum, Dr. Barnett's medical practice involves him personally caring for or supervising the care of approximately fifty (50) patients per day in the office. Id., at ¶13.

9.      Dr. Barnett has not received any money for attendance or travel expenses regarding this matter. Id., at ¶¶9-10. Dr. Barnett believes traveling to Florida would constitute undue burden and hardship on him and his practice. Id., at ¶15. The materials served on Dr. Barnett and Permian did not include a witness fee or documentation of travel expenses. See **Exhibits 1, 2**.

10.     At the time the subpoenas were received by Dr. Barnett, Permian, and undersigned counsel, they had not been provided with a signed authorization from the

4

non-party patient or a court order specifically allowing Dr. Barnett and Permian to disclose the non-party patient's medical records or protected health information.

11. In efforts to provide the non-party patient with notice that his records and protected health information were being sought in a federal criminal matter, Dr. Barnett, Permian, and undersigned counsel obtained an Authorization for Release of Medical Information from the non-party patient. See **Exhibit 4**, Non-Party Patient's 07/17/2023 Authorization for Release of Medical Information ["I specifically authorize James Barnett, M.D. to discuss any medical treatment, records, testing, results, and protected health information with [Trace Krueger, Esq.; Jennifer Wright, Esq.; and any attorney of record in Case No. 22-CR-80022-CANNON/REINHART]"].

12. In light of the non-party patient's authorization, Dr. Barnett and Permian complied with the subpoenas by producing the requested medical records and an executed Certification of Domestic Records of Regularly Conducted Activity on July 27, 2023, and by attending a telephone conference with counsel for Defendant, John Paul Gosney, Jr. on July 26, 2023.

13. As such, the only remaining issue of compliance pursuant to the subpoenas is for both Dr. Barnett and Permian's records custodian to physically travel to Florida from Texas and testify at trial. See **Exhibits 1, 2**. Despite undersigned counsel's attempts to resolve the issue via email and during multiple good faith telephone conferences with counsel for Defendant, John Paul Gosney, Jr., on July 5, 2023, and July 26, 2023, Defendant

has not agreed to release Dr. Barnett and Permian. As stated herein, the Subpoenas should be quashed insofar as they compel Dr. Barnett and Permian to testify at trial.

## MEMORANDUM OF LAW

### I. The Subpoenas are Improper and Seek Information that is Not Relevant.

14. A subpoena *duces tecum* in a criminal case is not intended to provide a means of discovery. United States v. Nixon, 418 U.S. 683 (1974); see also United States v. Noriega, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991). Pursuant to Federal Rule of Criminal Procedure 17(c)(2), the court may quash a subpoena if compliance would be unreasonable or oppressive. In Nixon, the Supreme Court stated that the proponent of a subpoena seeking the production of documents pursuant to Rule 17(c) has the burden of showing: (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable by the party reasonably in advance of trial by the exercise of due diligence; (3) the party cannot properly prepare for trial without such production, and the failure to obtain it may unreasonably delay trial; and (4) that it is not intended as a general "fishing expedition" and is made in good faith. 418 U.S. at 699-700 (citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). Under the first prong, the proponent of the subpoena has the burden of proving relevance, admissibility, and must identify the materials with specificity. See United States v. Jenkins, No. 02 CR. 1384(RCC), 2003 WL 1461477, *5 (S.D.N.Y., March 21, 2003) (citing Nixon, 418 U.S. at 700). A showing of potential relevance or admissibility is not sufficient, the materials themselves must be

6

admissible evidence. See Jenkins, 2003 WL 1461477 at *5 (citing United States v. Cherry, 876 F. Supp. 547 (S.D.N.Y. 1995)).

15. Although the pertinent records have already been produced, Defendants have not shown that Dr. Barnett's or Permian's testimony regarding the non-party health information would be admissible. Relevant evidence is evidence tending to prove or disprove a material fact. Fed. R. Evid. 401. Although the information Dr. Barnett and Permian possess might somehow be relevant to these criminal proceedings, the relationship between one non-party patient's medical records in Texas and a significant criminal case with multiple charges and defendants in Florida seems remote. It would be unduly burdensome and unnecessary to compel Dr. Barnett's or Permian's testimony regarding non-party patient records where such records are not relevant. The party seeking to discover information for the first time at trial must demonstrate relevance. Here, the subpoenaing Defendants have not.

16. Even if the testimonial evidence is relevant, any probative value would be substantially outweighed by the danger of unfair prejudice to Dr. Barnett, Permian, and the non-party patient. Fed. R. Evid. 403. Presenting testimony from Dr. Barnett and Permian may also confuse the issues, mislead the jury, cause undue delay, waste time, or needlessly present cumulative evidence. Id.

**II. Requiring Further Compliance with the Subpoenas would be Unreasonable and Oppressive to Dr. Barnett and Permian.**

17. Under Rule 17 of the Federal Rules of Criminal Procedure, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Courts have discretion to quash a subpoena *duces tecum* if compliance would be unreasonable. See Margoles v. United States, 402 F.2d 450 (7th Cir. 1968); see also United States v. Boyle, 338 F.Supp. 1025, 1028 (D.C. Cir. 1971).

18. It would be unreasonable, unduly burdensome, and oppressive to require both an interventional cardiologist and a records custodian in Texas to appear at trial in Florida after the requested information and records were already provided. Dr. Barnett and Permian are integral to the operation of a medical practice in Texas. Requiring their attendance at a trial thousands of miles away, about a patient which is, at best, tangentially related to the much larger, complex criminal litigation and unrelated issues, is oppressive not only to Dr. Barnett and Permian, but also to their Texas-based patients expecting treatment and care during this timeframe.

19. The subpoenas in this case have been complied with as far as they seek the production of documents and a records custodian affidavit. The mere production of records or records custodian affidavit does not require out of state travel of both a physician and records custodian. This case concerns tens of thousands of tests orders. Requiring the in-person testimony by a single out-of-state physician concerning one test out of thousands for one non-party patient will not cause the parties to be unable to prepare for trial or unreasonably delay the trial.

### III. The Subpoenas Should be Quashed for Failing to Include Witness Fees.

20. Under Federal Rule of Criminal Procedure 17(d), a subpoena must be delivered to the witness by a marshal, deputy marshal, or any non-party of legal age. "The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Fed. R. Crim. P. 17(d). No witness fee or legal mileage allowance was tendered with the subpoenas in this case. As such, the subpoenas do not comply with Rule 17(d) and should be quashed.

### GOOD FAITH CERTIFICATION [LOCAL RULE 88.9 STATEMENT]

21. Undersigned counsel certifies that he conferred in good faith via electronic mail and during multiple telephone conferences with Alyssa Silvaggi, Esquire and Ed Armellino, Esquire on July 5, 2023, and on July 26, 2023, prior to filing this Combined Renewed Motion to Intervene and Motion to Quash Subpoenas. Counsel again requested withdrawal of the subpoenas and offered another good faith telephone conference on 08/08/23. There was no response to the 08/08/23 e-mail as of the filing of this Motion, so undersigned counsel filed this Combined Renewed Motion because the trial date is just six weeks away, on 09/25/23. In summary, although counsel discussed and attempted to resolve the issues raised in this Renewed Motion on numerous occasions, we were unable to do so.

**WHEREFORE**, non-parties James Barnett, M.D. and Permian Cardiology respectfully request this Court **GRANT** their Combined Renewed Motion to Intervene and Motion to Quash Subpoenas and enter an Order **QUASHING** the Defendants'

Subpoenas insofar as they require trial testimony, and for any other relief the Court deems just and appropriate.

          Respectfully submitted,

**ADAMS | COOGLER, P.A.**
1555 Palm Beach Lakes Blvd., Suite 1600
West Palm Beach, FL  33401-2329
Telephone: (561) 478-4500
Facsimile: (561) 478-7847
E-Mail: TKrueger@adamscoogler.com
*Attorneys for James Barnett, M.D., and Permian Cardiology*

/s/ *Trace Krueger*
Trace Krueger, Esq.
Florida Bar No. 1018300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF this **11th** day of August 2023, to all counsel of record.

ADAMS | COOGLER, P.A.
*Attorneys for James Barnett, M.D., and Permian Cardiology*

*/s/ Trace Krueger*
Trace Krueger, Esq.
Florida Bar No. 1018300