UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-80022-Cannon-5

UNITED STATES OF AMERICA,

v.

MICHAEL ROZENBERG,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Government's Second Motion for Preliminary Order of Forfeiture ("Motion") (DE 915), which was referred to the undersigned by United States District Judge Aileen Cannon (DE 920).  The Court conducted oral argument on the Motion on January 29, 2024 (DE 1001) and thereafter ordered supplemental briefing (DE 1001, DE 1009).  As set forth below, the Court **GRANTS** the Motion.

**I.**  **BACKGROUND**

This is a Medicare fraud case.  On October 3, 2022, Defendant Michael Rozenberg pled guilty to conspiracy to commit healthcare fraud and wire fraud in violation of 18 U.S.C. § 1349 (DE 408 at 2).  Thereafter, on December 5, 2023, the District Court issued a Preliminary Order of Forfeiture, entering a money judgment against Defendant and his wife, co-Defendant Galina Rozenberg, in the amount of $5,714,433.00 (DE 909 at 8).  By way of this Motion, the Government seeks entry of a Second Preliminary Order of Forfeiture that will do two things:

First, it will order preliminary forfeiture of the following "directly forfeitable property":

    $  650,000.00        (seized from account number 1017091073 at Synovus Bank)
    $  906,015.62        (seized from account number 1000280136648 at SunTrust Bank)

| | |
|---|---|
| <u>$1,950,000.00</u> | (seized from account number 3876163578 at JP Morgan Chase Bank) |
| $3,506,015.62 | Total |

(DE 915-1 at 2).

Next, it will order preliminary forfeiture of the following "substitute property":

| | |
|---|---|
| $1,447,355.55 | (seized from account number 1017091073 at Synovus Bank) |
| $   200,108.87 | (seized from account number 3876163578 at JP Morgan Chase Bank) |
| $     18,091.00 | (seized in U.S. currency) |
| <u>Unknown Amt</u>. | (long list of jewelry and other personal items, hereafter the "Listed Property") |
| $1,665,555.42 | Total (not including the Listed Property) |

(DE 915-1 at 2-3).

In support of these requests, the Government has attached the affidavit of Special Agent Steffi Rodriguez, who attests that the "directly forfeitable property" is "directly traceable to the Medicare funds received in connection with the health care fraud to which the Defendants pled guilty" (DE 915-2 ¶ 3).  As to the "substitute property," she attests that, "[a]fter investigating the Defendants, it is the conclusion of the declarant that due to the Defendants' acts or omissions, other directly forfeitable property either cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled so proceeds cannot be divided without difficulty" (DE 915-2 ¶ 4).

II.     **DISCUSSION**

Defendant objects to the Government's motion, but only in part.  Specifically, he objects to the Government's attempt to forfeit, by way of the "substitute property" provisions of 21 U.S.C. § 853(p), certain individual items among the Listed Property which he contends to be family

2

heirlooms.[1] Defendant raises two arguments in support of this objection, each of which the Court will address in turn.

### A. The Kings Garden Joint Venture

Defendant first argues that the Government cannot seek forfeiture of his family heirlooms as "substitute property" until the Government has *first* exhausted the forfeiture of all "directly forfeitable" property (DE 919 at 4). Defendant maintains the Government has not yet exhausted the directly forfeitable property because, in around December 2020, he invested $2.5 million of his Medicare fraud proceeds into a joint venture known as "Kings Garden" (DE 1003-1). According to the Joint Venture Agreement provided by Defendant, this business engages in the commercial cultivation of cannabis in the State of California (DE 1003-1 at 2). Defendant purportedly maintains an ongoing interest in the joint venture, with rights to roughly 25% of the profits (DE 1003-1 at 4). Defendant argues that the Government must pursue his directly forfeitable Kings Garden interest *before* pursuing his family heirlooms (DE 919 at 4-5).

The Court disagrees. Pursuant to 21 U.S.C. § 853(p), the Government can pursue forfeiture of "substitute property" as follows:

**(p) Forfeiture of substitute property**

**(1) In general**

Paragraph (2) of this subsection shall apply, if any [directly forfeitable property], as a result of any act or omission of the defendant—

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or

---

[1] Defendant identified the specific family heirlooms at issue in his supplemental briefing (DE 1031).

(E) has been commingled with other property which cannot be divided without difficulty.

**(2) Substitute property**

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

21 U.S.C. § 853(p).

Here, in support of this Motion, Special Agent Rodriguez submitted a declaration that largely parroted the language of § 853(p)(1) without giving much factual detail (DE 915-2). The Eleventh Circuit has previously recognized near-identical declarations as sufficient to meet the Government's burden under the statute. *See United States v. Javat*, No. 20-13310, 2022 WL 703940, at *5 (11th Cir. Mar. 9, 2022) (finding conclusory declaration that "simply track[ed] the statutory language without providing further details" sufficient to meet the Government's burden under § 853(p)(1)); *United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009) (same). Based on this authority, the Court finds Special Agent Rodriguez's conclusory declaration sufficient to meet the Government's burden under § 853(p)(1).

In addition, the Court finds Defendant's evidence regarding his Kings Garden investment insufficient to overcome Special Agent Rodriguez's declaration. The Court reaches this conclusion for multiple reasons. First, the Court finds that Defendant, by choosing to invest his Medicare fraud proceeds into a marijuana farm, "transferred" or "deposited" those proceeds to or with a "third party" for purposes of § 853(p)(1)(B). As such, the declaration provides an adequate basis for the Government to bypass this directly forfeitable property and proceed instead to forfeiture of substitute property in its place.

4

In the Court's view, it makes no difference that Defendant received a new asset, i.e., a joint venture interest, in exchange for his investment. This is not a situation akin to a drug dealer who uses illicit proceeds to purchase a car, thereby allowing the Government to pursue forfeiture of the car as a directly forfeitable asset. Here, Defendant used his illicit proceeds to purchase a stake in a marijuana farm. The Government cannot legally take title to such an asset, nor can the Government share in the profits of such an asset, as marijuana is illegal under federal law. *See* 21 U.S.C. § 812, Sch. I(c)(10) (defining marijuana as a schedule 1 controlled substance).

For the same reasons, even if the Government chose to pursue forfeiture of Defendant's Kings Garden joint venture interest, the result would likely be a nullity because the Government cannot "exercise" ownership rights in a marijuana farm and such an asset would not be "transferable for value" to the Government. As to such assets, the forfeiture statute provides as follows:

> (h) Disposition of property
>
> Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons. *Any property right or interest not exercisable by, or transferable for value to, the United States shall expire and shall not revert to the defendant….*

28 U.S.C. § 853(h) (emphasis added).

Under the statute, therefore, the end result of any Kings Garden forfeiture would likely be that Defendant's joint venture interest would simply "expire" by operation of § 853(h). In such case, the parties would find themselves in the same position they currently occupy, with the Government seeking forfeiture of substitute property under § 853(p)(2). For this reason as well, the Court finds the Government need not pursue forfeiture of the Kings Garden interest as a prerequisite to seeking forfeiture of substitute property, including Defendant's family heirlooms.

5

     **B.**     **Money Judgment**

Defendant next argues that the District Court lacked statutory authority to enter a forfeiture money judgment against him by way of the first Preliminary Order of Forfeiture (DE 919 at 9). Citing to *Honeycutt v. United States*, 581 U.S. 443 (2017), Defendant argues the Government cannot use this unsupported, improper money judgment as a means to collect upon his family heirlooms (DE 919 at 9).

The Court disagrees for two reasons. First, Defendant agreed to the entry of a $5.7 million forfeiture money judgment against him as part of his plea agreement in this case (DE 347 at ¶ 15). The Government thereafter filed its motion for entry of the Preliminary Order of Forfeiture (including the money judgment) as an *unopposed* motion (DE 906). To the extent Defendant had objections to the entry of such judgment, he waived those objections.

Second, the Eleventh Circuit has expressly approved the use of forfeiture money judgments in cases such as this. *See United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (recognizing that the Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"); *United States v. Waked Hatum*, 969 F.3d 1156, 1164 (11th Cir. 2020) ("Unless and until Congress, the Supreme Court, or this Court sitting en banc changes the law of forfeiture, we will follow this Court's precedent permitting forfeiture judgments."). Accordingly, this argument provides no basis to deny the Government's Motion.

**III.**     **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 915) be **GRANTED** and that District Court enter the Government's proposed Second Preliminary Order of Forfeiture as to Directly Forfeitable and Substitute Property (DE 915-2).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 28th day of February 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE