UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80022-LEIBOWITZ

UNITED STATES OF AMERICA

v.

GALINA ROZENBERG and MICHAEL ROZENBERG,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING GOVERNMENT'S SECOND MOTION FOR PRELIMINARY ORDER OF FORFEITURE AS TO DIRECTLY FORFEITABLE AND SUBSTITUTE PROPERTY

THIS MATTER comes before the Court upon the Report and Recommendation entered by Magistrate Judge Ryon M. McCabe on the Government's Second Motion for Preliminary Order of Forfeiture [ECF No. 1063]. Magistrate Judge McCabe issued a Report recommending that the Court grant the government's motion [ECF. No. 915] and that the Court enter the government's Second Preliminary Order of Forfeiture as to Directly Forfeitable and Substitute Property against Defendants Galina Rozenberg and Michael Rozenberg (collectively, the "Defendants"). The Court has conducted a review of the record and after careful consideration, the Court finds as follows:

On December 7, 2023, this Court entered a Preliminary Order of Forfeiture, wherein a forfeiture money judgment in the amount of $5,714,433.00 was entered against the Defendants pursuant to 18 U.S.C. § 982(a)(7), representing the gross proceeds the Defendants obtained traceable to the health care fraud conspiracy of which they were convicted. Preliminary Order of Forfeiture, ECF No. 912. As part of their guilty pleas, Defendants Galina Rozenberg and Michael

Rozenberg agreed to a forfeiture money judgment in an amount equal to the proceeds they jointly received from their participation in the health care fraud conspiracy, and they each "knowingly and voluntarily agree[d] to waive . . . all legal and equitable defenses to forfeiture." *See* ECF Nos. 190-92, 343, 346-47; Plea Agreements at ¶ 15-16. The forfeiture money judgments became final when they were incorporated into their sentences and judgements (*see* Fed. R. Crim. P. 32.2(b)(4)), and the entire balance of the money judgment remains unpaid.

Moreover, the Eleventh Circuit has recognized that the Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases". *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008); *see also United States v. Waked Hatum*, 969 F. 3d 1156, 1164 (11th Cir. 2020) ("Unless and until Congress, the Supreme Court, or this Court sitting *en banc* changes the law of forfeiture, we will follow this Court's precedent permitting forfeiture judgments."). If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229). Substitute assets are available for forfeiture upon a showing that, due to any act or omission of a defendant, directly forfeitable property: (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty. 21 U.S.C. § 853(p). The government may establish such unavailability through an agent's

declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

Based on the bank records obtained to date and a forensic accounting analysis, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(7):

    i. Approximately $650,000.00 seized from account number 1017091073 at Synovus Bank;

    ii. Approximately $906,015.62 seized from account number 1000280136648 at SunTrust Bank; and

    iii. Approximately $1,950,000.00 seized from account number 3876163578 at JP Morgan Chase Bank on or about July 14, 2021.

*See* Exhibit 1, Declaration of Special Agent, at 2; *see also* Indictment, ECF No. 23, at 31.

The United States has not been able to locate all of the directly forfeitable property. Exhibit 1, at 2. It is the conclusion of Special Agent Steffi Rodriguez that other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See id.* at 2-3. Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property. *See id; see also* Bill of Particulars, ECF Nos. 293 and 339.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Report and Recommendation [ECF No. 1063] is **AFFIRMED AND ADOPTED.** The Second Motion for Preliminary Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED**:

    1. Pursuant to 18 U.S.C. § 982(a)(7), the following specific property is hereby forfeited and vested in the United States of America:

        i. Approximately $650,000.00 seized from account number 1017091073 at Synovus Bank;

    ii. Approximately $906,015.62 seized from account number 1000280136648 at SunTrust Bank; and

    iii. Approximately $1,950,000.00 seized from account number 3876163578 at JP Morgan Chase Bank on or about July 14, 2021.

2. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

    i. Approximately $1,447,355.55 seized from account number 1017091073 at Synovus Bank;

    ii. Approximately $200,108.87 seized from account number 3876163578 at JP Morgan Chase Bank.

    iii. Approximately $18,091.00 in seized U.S. currency;

    iv. One (1) pair of Cartier sunglasses with case bearing Serial No. DOUEZ09170;

    v. One (1) pair of Chrome Hearts Glasses bearing Serial No. 70300241;

    vi. One (1) pair of Chrome Hearts sunglasses;

    vii. One (1) pair of GL Russian sunglasses;

    viii. One (1) Louis Vuitton cross body satchel bearing Serial No. MB4240;

    ix. One (1) Louis Vuitton credit card wallet;

    x. One (1) MCM checkbook holder;

    xi. One (1) Louis Vuitton luggage;

    xii. One (1) Chanel purse;

    xiii. One (1) Bottega Veneta purse bearing Serial No. B09573505U;

    xiv. One (1) Chanel gray purse bearing Serial No. 30697977;

    xv. One (1) Christian Dior purse bearing Serial No. 05-RI-0261)

    xvi. One (1) blue Christian Dior purse bearing Serial No. M8000ILOM;

    xvii. One (1) Chanel purse bearing Serial No. 31670515;

xviii. One (1) Chanel backpack;

xix. One (1) David Yurman jewelry roll;

xx. One (1) Van Cleef & Arpels jewelry bag;

xxi. One (1) Louis Vuitton watch holder;

xxii. One (1) pair of Christian Dior sunglasses with black case bearing Serial No. TF02533703;

xxiii. One (1) pair of Louis Vuitton sunglasses in blue case bearing Serial No. Z1172E9QN;

xxiv. One (1) pair of Chanel sunglasses bearing Serial No. DC00769015;

xxv. One (1) white, pink and blue Louis Vuitton clutch;

xxvi. One (1) pair of Dita glasses in red cloth Cartier case;

xxvii. One (1) pair of Cartier sunglasses bearing Serial No. CT00580;

xxviii. One (1) Louis Vuitton backpack;

xxix. One (1) Chanel bag;

xxx. One (1) Christian Dior wallet;

xxxi. One (1) pair of Tiffany & Co. sunglasses bearing Serial No. DT2828228;

xxxii. One (1) Louis Vuitton rolling luggage;

xxxiii. One (1) David Yurman gray jewelry case;

xxxiv. One (1) Yves Saint Laurent purse;

xxxv. Men 14 karat two-tone gold necklace (without pendant and dog tag);

xxxvi. Men 18 karat yellow gold necklace with round pendant;

xxxvii. Black beaded chain with 18 karat gold stamped clasp and Jewish star pendant;

xxxviii. Men Baraka 18 karat white gold necklace with diamond pendant;

xxxix. Two-tone Rolex Datejust II watch bearing Serial No. J5256408;

xl. Audemars Piguet Royal Oak watch bearing Serial No. K18292;

xli. Two-tone Rolex GMT-Master II bearing Serial No. 703K0159;

xlii. Ladies 18 karat white gold and round diamond ring;

xliii. Ladies 18 karat yellow gold ring with radiant cut diamond;

xliv. Van Cleef & Arpels 18 karat yellow gold ring;

xlv. Platinum and diamond emerald cut ring;

xlvi. One 18 karat yellow gold Bvlgari ring bearing Serial No. L92P33;

xlvii. One 18 karat yellow gold Cartier nail ring;

xlviii. One 18 karat white gold and diamond ring;

xlix. One 18 karat yellow gold graffiti love ring designed by Paloma Picasso for Tiffany & Co.;

l. One 18 karat yellow gold and diamond tennis necklace;

li. One 14 karat yellow gold and diamond necklace;

lii. One 18 karat yellow gold Hardware necklace by Tiffany & Co.;

liii. One 14 karat white gold and diamond necklace;

liv. One 14 karat white gold link necklace;

lv. One pair of two-tone 18 karat gold earrings with yellow diamonds;

lvi. One pair of 14 karat white gold and diamond hoop earrings;

lvii. One pair of Van Cleef & Arpels four leaf clover earrings bearing Serial No. JB693581;

lviii. One pair of 14 karat white gold and diamond four leaf clover earrings;

lix. One pair of 18 karat white gold diamond stud earrings;

lx. One pair of 18 karat white gold large hanging earrings;

lxi. One pair of 18 karat white gold and diamond chandelier earrings;

6

lxii. One 18 karat gold and yellow diamond bracelet;

lxiii. One 14 karat white gold and diamond tennis bracelet;

lxiv. Van Cleef & Arpels Alhambra yellow gold clover leaf necklace bearing Serial No. JB954295;

lxv. Van Cleef & Arpels Alhambra plain yellow gold clover leaf bracelet bearing Serial No. JE696347;

lxvi. Van Cleef & Arpels Alhambra gold and diamond clover leaf bracelet bearing Serial No. JB467738;

lxvii. Van Cleef & Arpels Alhambra yellow gold with Onyx clover leaf earrings bearing Serial No. JA478744;

lxviii. Van Cleef & Arpels Alhambra yellow gold and Onyx clover leaf necklace bearing Serial No. JA784421;

lxix. Van Cleef & Arpels Alhambra yellow gold and Onyx clover leaf bracelet bearing Serial No. JA261876;

lxx. Van Cleef & Arpels Alhambra green Malachite clover leaf earrings bearing Serial No. JA398626;

lxxi. Van Cleef & Arpels Alhambra green Malachite clover leaf bracelet bearing Serial No. JA818375;

lxxii. One 18 karat yellow gold Jacob & Co. Handcuff and key bracelet;

lxxiii. One pair of 18 karat yellow gold Bvlgari earrings;

lxxiv. One 18 karat yellow gold Presidential Rolex Day-date bearing Serial No. G536804;

lxxv. One 18 karat yellow gold and diamond Gucci ring;

lxxvi. One pair of 14 karat white gold 3 prong Martini set earrings with push backs;

lxxvii. One 14 karat white gold and diamond pendant;

lxxviii. Platinum chain and diamond cross stamped PT950;

lxxix. One 18 karat white gold and oval diamond ring;

    lxxx.  One 14 karat white gold and diamond flexible finger ring;

    lxxxi.  One 14 karat white gold and diamond tennis necklace;

    lxxxii.  One 18 karat gold Cartier Pave Diamond Love Bracelet bearing Serial No. CRD108196;

    lxxxiii.  One 14 karat white gold and round diamond eternity band;

    lxxxiv.  One 18 karat yellow gold Audermars Piguet Royal Oak watch bearing Serial No. K57914;

    lxxxv.  One 14 karat yellow gold chain with a dog tag that has a Jewish star and Hebrew words;

    lxxxvi.  Van Cleef & Arpels 18 karat yellow gold large Perlee signature bracelet bearing Serial No. MJB542490;

    lxxxvii.  Van Cleef & Arpels 18 karat yellow gold hinged bangle bearing Serial No. JA810921;

    lxxxviii.  One 14 karat white gold rope chain;

    lxxxix.  One 14 karat white gold chain with a white gold and diamond Jewish star; and

    xc.  Three 14 karat diamond hoop earrings.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of April, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record